FILED

04 MAY 21 PM 3: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA



ENTERED

MAY 21 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

AVICE PEARSON,  }
    Plaintiff,  }
                    }  CIVIL ACTION NO.
    v.  }  02-AR-2602-M
                    }
DR. RONALD HANSON, d/b/a  }
EUROPEAN ANTIQUES,  }
    Defendant.  }

## MEMORANDUM OPINION

Before the court is the motion of defendant, Ronald Hanson ("Hanson") d/b/a European Antiques, for summary judgment. Plaintiff, Avice Pearson ("Pearson"), a former employee of Hanson, filed the above-entitled action on October 23, 2002 in this court. Pearson makes two claims: (1) that Hanson violated her rights under the Fair Labor Standards Act ("FLSA"), and (2) that Hanson breached a contract he made with Pearson.

### Undisputed Facts

Pearson previously moved for summary judgment on her FLSA claim. The court denied said motion on January 7, 2004. In its memorandum opinion denying Pearson's Rule 56 motion, the court set out the following undisputed facts:

> Antique collection is one of Hanson's hobbies. Between late-1998 and mid-1999, Hanson decided to open up an antique shop in Fort Payne, Alabama where he would sell antiques that he personally owned. Hanson called his antique shop "European Antiques." Hanson hired Pearson

1

>  to assist him in running the store. Her duties included opening and keeping up the shop, answering the telephone, and assisting customers...Pearson was not paid an hourly wage. She was paid her monthly car payments in lieu of wages. Until April 2000, Hanson paid $1,041.51 per month in car payments. In April 2000, Pearson bought a new car. Hanson took possession of the old car and began making payments on the new car. From May 2000 through July 2001, Hanson paid $745.82 per month in car payments on the new car. Pearson worked for Hanson under this arrangement until Hanson decided to close the store in June 2001.

Doc. 23 at 1-2.

## Analysis

### *FLSA Claim*

The FLSA was enacted in order to prohibit "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers...." 29 U.S.C. § 202. The FLSA guarantees a minimum wage and overtime compensation for those employees covered by the Act. *See* 29 U.S.C. §§ 206, 207. An individual employee is covered under the FLSA when "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a). This court previously explained that:

>  [In determining whether an employee is covered by the FLSA,] [c]ourts should focus on the job activities of the employee and not the employer's general business. While no *de minimis* rule applies in FLSA cases, "an employee whose in-commerce or production activities are isolated, sporadic, or occasional and involve only insubstantial amounts of goods will not be considered 'engaged in commerce or in the production of goods for commerce' by virtue of that fact alone. The law is settled that every employee whose activities in commerce or in the production of goods for commerce, even though small in

2

>amount are regular and recurring, is considered 'engaged in commerce or the production of goods for commerce.'" 29 C.F.R. § 779.109.
>    The test for determining whether an employee has "engaged in commerce" is "not whether an employee's activities affect or directly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be part of it" rather than an isolated local activity. *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943); *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979). Employees are considered to be "engaged in commerce" when they perform: "(1) work related to the actual movement of commerce [e.g., employees in the transportation and shipping industries], (2) work that regularly uses the channels of commerce, and (3) work related to the instrumentalities of commerce." Ellen C. Kearns, The Fair Labor Standards Act 106 (1999).
>    The FLSA specifies that an employee is considered to have engaged in the production of goods if the "employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203(j).

Doc. 23 at 4-5.

The issue before the court is whether Hanson either (1) engaged in commerce, or (2) engaged in the production of goods for commerce. The court will first look to whether Pearson "engaged in commerce." As set out in the January 7, 2004 opinion, employees considered to have engaged in commerce are: (1) those whose work regularly and recurrently relates to the actual movement of commerce, such as those in the transportation and shipping industry; (2) those whose work regularly and recurrently uses the channels of commerce; and (3) those whose work regularly and recurrently relates to the instrumentalities of commerce. Ellen C.

3

Kearns, The Fair Labor Standards Act 106 (1999).

In order to demonstrate that Pearson engaged in commerce, rather than make new arguments or expand ones previously asserted in her summary judgment motion, Pearson simply relies on the arguments set forth in her previously denied motion for summary judgment. In her Rule 56 motion, Pearson made four arguments: (1) that customers from other states visited the shop; (2) that the location of the business in Ft. Payne, Alabama, and its proximity to both Tennessee and Georgia, strongly suggest a nexus with interstate commerce; (3) that when the store first opened she assisted in the transportation of the store inventory across public highways via delivery truck to the shop in Ft. Payne; and (4) that she answered telephone calls from out-of-state customers.

The activities alleged in Pearson's first three arguments most closely relate to the first category of covered employees, those whose work regularly and recurrently relates to the actual movement of commerce. With regard to her first argument, Pearson says that customers from other states visited the shop. As noted in the court's prior memorandum opinion, the regulations adopted by the Department of Labor indicate that a sales clerk for a retail establishment can be said to have engaged in commerce if the sales clerk "regularly or recurrently...sells... merchandise for delivery to points outside the State or which are to be shipped or delivered to a customer from a point outside the State...or who wraps, packs,

4

addresses or otherwise prepares goods for out-of-State shipments...." 29 C.F.R. § 779.117. Pearson has offered no evidence that she sold even one piece of merchandise to an individual from outside the state of Alabama, let alone that any goods were shipped interstate. She merely states that customers from other states visited the shop. Even if Pearson could establish that she sold merchandise to out-of-State customers when they visited the shop, and that such sales meet the definition of engaging in commerce, she did not demonstrate that such sales were regular or recurrent.

Pearson's second argument is that the proximity of the shop to the borders of Tennessee and Georgia suggest a nexus with interstate commerce. In determining whether an employee has engaged in commerce, a court must focus on the job activities of the employee. The fact that European Antiques was close to both Georgia and Tennessee does not speak to Pearson's employment activities, and thus does not indicate whether or not Pearson engaged in commerce.

Pearson next argues that when the store first opened, she helped transport the antiques from Hanson's home in Rainbow City, Alabama to the store in Ft. Payne, Alabama across Interstate 59. The transportation itself was purely intrastate. Even if such intrastate travel could be considered engaging in commerce, she transported the goods on one occasion. One occasion is not a

regular or recurrent part of her job.

Finally, Pearson argues that "[o]n occasion" she received phone calls from out-of-state customers. Pearson Aff., Doc. 21 ¶ 9. This activity is most closely analogous to the second category of employees covered by the FLSA, those that regularly or recurrently use channels of interstate commerce. Pearson has offered no case law to suggest that merely talking on the phone to prospective out-of-state customers creates a fact issue as to whether she engaged in commerce. The court's own research revealed no such cases either. Even if such evidence could create a fact issue as to whether Pearson engaged in commerce, receiving phone calls from out-of-state customers over the course of two years only "on occasion" does not rise to the level of regular or recurrent activity. Having rejected all four of Pearson's arguments, the court finds that there is no fact issue as to whether Pearson engaged in commerce.

The court now turns to whether Pearson "engaged in the production of goods for commerce." The court finds that there is also no fact issue as to whether Pearson engaged in the production of goods for commerce. Her duties included opening and keeping up the shop, answering the telephone, and assisting customers. Pearson had no role in the production of goods or any production-related processes.

The motion for summary judgment as to the FLSA claim will be

granted.

### *Contract Claim*

Having decided that summary judgment is due to be granted on the FLSA claim, the only remaining claim in this case is the contract claim. Section 1367(c)(3) gives this court discretion to decline to exercise its supplemental jurisdiction once it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). This court declines to exercise such jurisdiction. The court finds that, because the only remaining claim is the contract claim, which is governed by Alabama contract law, the case is due to be dismissed without prejudice. If Pearson desires, she may refile her contract claim in Alabama state court where an Alabama judge and jury, if necessary, can decide the issues governed by Alabama law.

### **Conclusion**

By separate order, the court will grant Hanson's motion with respect to Pearson's FLSA claim, and will dismiss Pearson's contract claim without prejudice to it being filed in Alabama state court.

DONE this 21st day of May, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE